UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA            CRIMINAL NO. 13-cr-00069(1) & (2)

VERSUS                              JUDGE FOOTE

MYLES W. ROBINSON (01)              MAGISTRATE JUDGE HORNSBY
HALSTON M. SMITH (02)

**REPORT AND RECOMMENDATION**

**Introduction**

Defendants are charged with participating in a string of armed robberies of several restaurants and businesses in Northwest Louisiana and East Texas. Among them were Southfield Grill, Budget Inn, and Outback Steakhouse. Before the court are Motions to Suppress (Docs. 109, 110, and113) filed by defendants Myles Robinson and Halston M. Smith. The motions present three issues: (1) whether a state search warrant issued for GPS or other location information for the cell phone of Robinson was supported by probable cause; (2) whether a state search warrant authorizing the installation of a GPS tracking device on Smith's vehicle was supported by probable cause; and (3) whether Defendants' statements and confessions made during their interrogations were given under coercion and/or not voluntarily made.

After the motions were fully briefed, the parties informed the court that an evidentiary hearing was not necessary. The motions were submitted on briefs, along with a copy of the

state search warrants and applications and the recordings and transcripts of Defendants' statements. For the reasons that follow, it is recommended that Defendants' motions to suppress be denied.

**Probable Cause Requirements**

A valid search warrant may be issued only upon a finding of probable cause. United States v. Brown, 941 F.2d 1300, 1302 (5th Cir.1991). The information necessary to show probable cause must be contained within a written affidavit given under oath. Id. Probable cause does not require proof beyond a reasonable doubt; a judge need only have a substantial basis for concluding that a search would uncover evidence of wrongdoing. Id. Whether probable cause exists requires a practical, common-sense determination of whether the circumstances, including information obtained from an informant, establish that there was a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Steele, 353 Fed.Appx. 908 (5th Cir. 2009).

The defendant who challenges a search must show the warrant to be invalid by a preponderance of the evidence. United States v. Richardson, 943 F.2d 547, 548-549 (5th Cir. 1991). Initially, the defendant must make a prima facie showing of illegality. Id. The Government must then present rebuttal evidence. However, the burden of persuasion remains at all times with the defendant. Id. at 549.

**State Search Warrant on Robinson's Cell Phone**

The officers applied for and obtained a state search warrant authorizing Robinson's cell phone provider (T-Mobile) to disclose GPS or other location information for the cell

phone. Robinson argues that the warrant was not supported by probable cause. The undersigned disagrees. This was no bare bones application. The application is based on specific information provided by three separate confidential sources. It is also based on the personal observations of the officers who saw Smith traveling to Robinson's residence where he picked up Robinson and then went immediately to the scene of the Southfield Grill robbery. There is no indication or evidence that the officers misled the state court judge or that any of the information contained in the application for the warrant was false. The warrant was supported by probable cause.

Robinson's argument that the officer's affidavit concedes the lack of probable cause is also unpersuasive. The portion of the affidavit referenced by Robinson states that additional subscriber information is being sought from the cell phone company. This statement concedes nothing, and it simply shows that the police officers were diligently seeking other evidence that could tie Robinson and the other Defendants to the string of armed robberies.

Furthermore, as noted by the Government in its opposition, this issue is moot, because T-Mobile confirmed upon receipt of the search warrant that Robinson's cell phone was no longer active. As a result, the police officers did not obtain any GPS or location data from T-Mobile. Therefore, there is no evidence to suppress from this warrant.

**State Search Warrant for GPS Tracking Device**

The officers also obtained a state search warrant authorizing them to install a GPS tracking device on Smith's vehicle. Smith argues that the warrant was not supported by

probable cause. Again, the undersigned disagrees. The affidavit in support of the search warrant is based on three separate confidential sources that placed Smith at the site of several of the armed robberies. The warrant was also based on the observations of a Shreveport police officer who saw a blue Dodge truck (registered to Smith's mother) circling the Budget Inn in Shreveport in a suspicious manner just prior to an attempted armed robbery of that location. Confidential sources also confirmed to the police officer that Smith drove that blue Dodge truck on a daily basis. Given the information outlined in the affidavit, the state court judge properly determined that there was probable cause to install a GPS tracking device on Smith's vehicle. Accordingly, this aspect of Smith's motion to suppress should be denied.

**Voluntariness of Statements**

Both Defendants argue that the statements and confessions they made during various interrogations were the product of police coercion and were involuntarily made. Both Defendants argue that they were "highly intoxicated" and under the influence of various drugs. Defendants also argue that the police officers improperly used threats, false promises, and lies to obtain their confessions.

The facts, as provided in the audio recordings and transcripts, completely refute Defendants' arguments. Both Defendants were advised of their Miranda rights, four times by four different agencies, and both Defendants repeatedly stated (orally and in writing) that they understood those rights. No coercive or deceptive tactics were used by the police officers. Defendants were not threatened or made false promises to extract their confessions. Neither Defendant sounds at all to be "highly intoxicated."

The first interview of Smith, where he largely denies any involvement in the robberies, reflects that he took a Lortab about 4 or 5 hours before the interview (for pain from a shoulder surgery), and he was obviously tired at the time of the interview. (The first interview was at 3:00 a.m. following Smith's arrest in connection with the armed robbery of an Outback Steakhouse in Shreveport a few hours earlier.) Despite the late hour, Smith participated actively in that interview. The recording also reflects Smith taking some extra time to review the rights form before signing it.

Smith was interviewed three more times by three other agencies, and he signed <u>Miranda</u> waivers each time. Smith was much more forthcoming about his involvement in the robberies in his subsequent interviews. There is no evidence of coercion or other improper police tactics. Smith's statements were freely and voluntarily made.

The voluntariness of Robinson's statements is even more obvious. Robinson states at the beginning of one of his interviews (Bossier City Police Dept.) that he wants to cooperate and be "fully honest." Like Smith, Robinson was advised of his rights four times by four different agencies. He signed a waiver each time. Robinson explained the robberies in great detail. Any suggestion of coercion or police wrongdoing during the interviews is completely false.

In summary, the totality of the evidence convincingly shows that Defendants' statements were freely and voluntarily made. Accordingly, this final aspect of the motions to suppress should also be denied.

Accordingly,

**IT IS RECOMMENDED** that Defendants' motions to suppress (Docs. 109, 110, and 113) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b).  A party may respond to another party's objections within **seven (7) days** from the filing of the objections.  Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of August, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE