UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 13-0069 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MYLES W ROBINSON (01) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and supplemental memoranda in support filed by Defendant, Myles W. Robinson ("Robinson"). *See* Record Documents 208, 214, & 220. Robinson argues all his firearms convictions under 18 U.S.C. § 924(c), predicated on Hobbs Act robbery convictions (Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27), should be vacated in light of recent changes in the law as set forth in *Johnson v. United States*, 576 U.S. 591 (2015). The Government agrees Robinson's firearm convictions predicated on *attempted* Hobbs Act robbery convictions (Counts 15, 17, and 21) should be vacated, but it maintains the remaining convictions predicated on *completed* Hobbs Act (Counts 3, 5, 7, 9, 11, 13, 19, 23, 25, and 27) robbery convictions are valid. *See* Record Document 313.

For the reasons set forth below, the Court holds that Robinson's convictions on Counts 15, 17, and 21 must be **VACATED**, and the motion [Record Document 208] is **GRANTED** as to those counts. Robinson's motion [Record Document 208] is **DENIED** and **DISMISSED WITH PREJUDICE** in all other respects, and the remainder of Robinson's convictions and sentence are undisturbed.

## Background[1]

Between June and November 2010, Robinson and his co-defendants participated in multiple armed robberies and attempted robberies of convenience stores, restaurants, and bars. *See* Record Document 191 at 5. During these robberies, employees "were held at gunpoint while they opened cash registers and safes. More than one was threatened with being killed." *Id.* The Shreveport Police Department apprehended Robinson on November 14, 2012. *See id.* After being informed of his *Miranda* rights, "Robinson confessed to participating and wielding a firearm in fifteen robberies." *Id.*

On February 28, 2013, a federal grand jury indicted Robinson on conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 (Count 1), ten counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("completed Hobbs Act robbery") (Counts 2, 4, 6, 8, 10, 12, 18, 22, 24, and 26), three counts of attempted interference with commerce by robbery in violation of 18 U.S.C. § 1951 ("attempted Hobbs Act robbery") (Counts 14, 16, and 20), and thirteen counts of use of a firearm during a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) (Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27) (collectively, "§ 924(c) convictions"). *See* Record Document 1.

In January 2014, Robinson proceeded to trial. *See* Record Document 191 at 6. The jury returned a guilty verdict to Robinson as to all counts. *See* Record Document 154.

---

[1] The Court derived its factual summary from *United States v. Smith*, 609 F. App'x 180, 182-83 (5th Cir. 2015), the Fifth Circuit opinion affirming Robinson's conviction. *See* Record Document 191.

Robinson was sentenced to a term of 87 months as to Counts 1, 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, and 26, with said sentences to run concurrently. *See* Record Document 170. Robinson was sentenced to a term of 7 years as to Count 3, with said term to run consecutive to any other sentence imposed. *See id.* Finally, Robinson was sentenced to terms of 25 years each as to Counts 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27, with said sentences to run consecutive to any other sentence imposed. *See id.* Counts 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25, and 27 reflected additional § 924(c) convictions, with each count being premised on Robinson brandishing a firearm during the convicted conduct outlined in the immediately preceding count in the indictment. Because these acts were deemed crimes of violence, § 924 mandated that each sentence imposed under these counts run consecutive to each other and to any other sentence imposed in this case.[2] *See* 18 U.S.C. § 924(c)(1)(D)(ii). Robinson received a total sentence of 3,771 months. *See id.* The stacked § 924(c) convictions, not Robinson's Hobbs Act robbery convictions, comprised the bulk of his lengthy sentence.

On appeal, Robinson argued his sentence "violate[d] the Eighth Amendment's prohibition on cruel and unusual punishment, and that the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129 (1993), allowing the 'stacking' of section 924(c) violations, was wrongly decided." Record Document 191 at 6. The Fifth Circuit affirmed Robinson's conviction and sentence. *See id.* at 3. On October 5, 2015, the United States Supreme Court denied Robinson's petition for a writ of certiorari. *See* Record Document 194.

---

[2] The consecutive nature of each additional § 924(c) violation is referred to as "stacking."

3

Robinson filed the instant motion seeking relief for his § 924(c) convictions in light of *Johnson*.[3] *See* Record Document 208.

## Law & Analysis

### I.  Relevant Law

#### A. Relevant Jurisprudential Changes

Three significant Supreme Court decisions have been rendered since Robinson's convictions: *Johnson*, 576 U.S. 591, *United States v. Davis*, 588 U.S. 445 (2019), and *United States v. Taylor*, 596 U.S. 845 (2022). Robinson does not cite *Davis* and *Taylor*. However, the Court will explore all three jurisprudential changes in-depth because they either form the basis of or relate to Robinson's requested relief.

##### i. *Johnson v. United States*

In *Johnson v. United States*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e),[4] was unconstitutionally vague. *See* 576 U.S. at 597. The ACCA defines a violent felony as a crime punishable by imprisonment for one year that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct*

---

[3] His co-defendant, Halston Smith ("Smith") filed a motion seeking relief on similar legal grounds. *See* Record Documents 198 and 199. This Court subsequently granted Smith partial relief by vacating only those § 924(c) violations with attempted Hobbs Act convictions as the predicate crimes. *See* Record Document 285. The Fifth Circuit affirmed the Court's judgment on Smith's motion. *See* Record Document 309.

[4] The ACCA imposes harsher statutory penalties for a defendant who is convicted of 18 U.S.C. § 922(g) and has three prior convictions for violent felonies or serious drug crimes.

4

*that presents a serious potential risk of physical injury to another . . . .*" 18 U.S.C. § 924(e)(2)(B) (2015) (emphasis added). The Supreme Court found this italicized text, commonly dubbed the "residual clause," unconstitutionally vague. *See Johnson*, 576 U.S. at 597. Although *Johnson* established a new substantive rule that applies retroactively to cases on collateral review, *see Welch v. United States*, 578 U.S. 120, 130 (2016), Robinson was not sentenced under the ACCA's residual clause, so *Johnson* is not applicable to his claim for relief.

### ii. *United States v. Davis*

In *United States v. Davis*, the defendants challenged a nearly identically worded residual clause in § 924(c)(3)(B). *See* 588 U.S. at 448. This residual clause provided that a crime of violence is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The Supreme Court found the challenged residual clause unconstitutionally vague. *See Davis*, 588 U.S. at 470. In *United States v. Reece*, the Fifth Circuit declared *Davis* retroactively applicable on collateral review. *See Reece*, 938 F.3d 630, 635 (5th Cir. 2019).

Because Robinson's sentence was not based on the residual clause, *Davis*, too, is unavailing for Robinson. The elements clause, which defines a crime of violence as a felony that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, was not impacted by the *Davis* decision and remains good law. *See United States v. Dixon*, 799 F. App'x 308, 309 (5th Cir. 2020). A

completed Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c)(3)(A). *See United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023).

### iii. *United States v. Taylor*

The final case of import is *United States v. Taylor*. In *Taylor*, the Supreme Court examined whether, in the wake of *Davis*, attempted Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c)(3)(A). *See Taylor*, 596 U.S. at 850. The Supreme Court held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of § 924(c) because it does not have as an element the use, attempted use, or threatened use of force. *See id.* at 851. Because Robinson was convicted and sentenced on three attempted Hobbs Act robbery counts and those counts were predicates for three of his § 924(c) convictions, *Taylor* represents the most meaningful change in the law as it pertains to his petition.

## B. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, [h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (internal quotations and citations omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622

(1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Even where the issues raised are constitutional or jurisdictional in nature, a defendant may be procedurally barred from raising them in a collateral attack. *See Shaid*, 937 F.2d at 232. If the constitutional or jurisdictional claims were not raised on direct appeal, the defendant's claims can only be considered on collateral review if he can show both "cause" for his procedural default and "actual prejudice" resulting from the alleged error. *Id.*

To establish cause, the defendant "must show that some objective factor external to the defense impeded counsel's efforts to comply with the [relevant] procedural rule." *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 583 (2023) (quoting *Davila v. Davis*, 582 U.S. 521, 528 (2017)). "[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). But "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural

default." *Id.* at 486. Put differently, if a defendant could have raised a claim or if other defendants did, in fact, previously raise that claim, the claim is not so novel as to constitute cause. *See Vargas-Soto*, 35 F.4th at 993-95. To demonstrate actual prejudice, a defendant must establish that the error "worked to his actual and substantial disadvantage." *Frady*, 456 U.S. at 170 (emphasis removed).

Alternatively, a court may consider a procedurally defaulted claim if the defendant can establish actual innocence by showing it is more likely than not that no reasonable juror would have convicted the defendant of the offense. *See Bousley*, 523 U.S. at 623. Actual innocence "means factual innocence, not mere legal insufficiency." *Id.*

## II. Analysis of Claims

### A. Timeliness

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In the instant case, Robinson has filed an initial § 2255 motion [Record Document 208] and two supplemental memoranda [Record Documents 214 and 220].

8

The Supreme Court denied Robinson's petition for writ of certiorari on October 7, 2015, [Record Document 194], which means Robinson's § 2255 motion needed to be filed on or before October 7, 2016, to be considered timely. *See* 28 U.S.C. § 2255(f); *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) ("[T]he federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review."). Robinson filed his § 2255 motion on June 20, 2016, and he filed his first supplemental memorandum on July 21, 2016. Therefore, both were filed before the one-year statute of limitations period ran and are timely.

Robinson filed his second supplemental memorandum outside of this statutory period. In this memorandum, Robinson cites the Supreme Court decision *Dean v. United States*, 581 U.S. 62 (2017). *See* Record Document 220. In *Dean*, the Supreme Court held that a district court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 581 U.S. at 71. Robinson contends the arguments set forth in *Dean* are "identical" to his own and support his claim for relief. Record Document 220.

Certainly, a new claim that is untimely filed can avoid being declared time-barred if it "relates back" to a timely-filed claim by arising "out of the conduct . . . set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (explaining that the amendment or supplement of a habeas petition is subject to Federal Rule of Civil Procedure 15). When determining whether a claim "relates back" the court must "look for commonalities

9

between the facts underlying the different claims." *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021) (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)).

A claim raised in a proposed amendment to a § 2255 motion is deemed to "relate back" to the § 2255 motion if the claims are based upon the "same or similar allegations" as those set forth in the initial pleading. *Alaniz*, 5 F.4th at 636. If the new claim "require[s] factual support that 'differ[s] in both time and type' from that required by the timely claim, the new claims do not relate back." *Id.* (quoting *Mayle*, 545 U.S. at 650). When a proposed untimely amendment to a § 2255 raises a new claim that does not relate back to the original motion, it is time-barred. *See United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009) (instructing that an amendment does not relate back if it "assert[s] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" (quotation omitted)); *Brannigan v. United States*, 249 F.3d 584, 588 (7th Cir. 2001) (holding that the word "claim" means "a challenge to a particular *step* in the case, such as the introduction of a given piece of evidence, the text of a given jury instruction, or the performance of counsel") (cited with approval in *United States v. Cardenas*, 13 F.4th 380, 385 (5th Cir. 2021)).

A careful reading of Robinson's second supplemental memorandum demonstrates it does not relate back to his earlier petition because it seeks relief on different grounds. Robinson's initial motion challenges whether Hobbs Act robbery is a crime of violence under § 924(c). *See* Record Document 208. This is a challenge to whether Robinson was properly convicted under § 924(c). Conversely, in his second supplemental memorandum, Robinson asserts the Court should have considered his mandatory minimum sentence

under § 924(c) when determining an appropriate sentence for his predicate offenses. *See* Record Document 220. This is a challenge to whether Robinson was properly sentenced. One filing attacks Robinson's convictions whereas the other filing attacks Robinson's sentencings. That is, the filings target different steps in the judicial process. Because Robinson's second supplemental memorandum raises a wholly new ground unrelated to whether Robinson's predicate offenses are crimes of violence under § 924(c), that filing plainly does not relate back to his original motion. Therefore, the untimely filing cannot avoid being declared time-barred on this basis.

Nor can Robinson properly rely on § 2255(f)(3) to make timely his claim that the Court should have considered the mandatory minimum. Under § 2255(f)(3), a motion is deemed timely if it is filed within one year of the date on which the right asserted was initially recognized by the Supreme Court if that right was made retroactively applicable to cases on collateral review. Robinson was convicted before *Dean* was issued, and *Dean* has not been made retroactively applicable. *See United States v. Garcia-Virelas*, No. CR 10-0336-05, 2020 WL 922912 at *2 (D.D.C. Feb. 26, 2020) (collecting cases finding *Dean* has not been made retroactively applicable); *In re Dockery*, 869 F.3d 356, 356 (5th Cir. 2017) (denying a defendant's § 2255 motion because he did not make "a prima facie showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *United States v. Wilkerson*, No. 08-CR-05, 2020 WL 4092353, at *2 (M.D. La. July 20, 2020) ("The Court agrees that *Dean* does not apply retroactively to cases on collateral review.") As such, Robinson cannot rely on this statutory provision to establish timeliness, and the claim raised in Robinson's second

supplemental memorandum [Record Document 220] is consequently time-barred and will not be considered by this Court.

### B. Procedural Bar

Robinson's § 2255 motion challenges whether his Hobbs Act robbery convictions constitute crimes of violence under § 924(c). Robinson raises this issue for the first time in the instant motion. Thus, his claim for relief may be procedurally barred unless he can demonstrate either cause and prejudice or actual innocence. *See Shaid*, 937 F.2d at 232; *Bousley*, 523 U.S. at 623.

Procedural default is an affirmative defense that if not raised, is waived. *See Trest v. Cain,* 522 U.S. 87, 89 (1997); *see also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998). In this case, the Government waives procedural default as to a portion of Robinson's claims, namely his collateral attack of the § 924(c) convictions predicated on attempted Hobbs Act robbery. *See* Record Document 313 at 11. Therefore, the Court will consider the merits of that portion of Robinson's request for relief. The Government did not waive procedural default as to Robinson's collateral attack of § 924(c) convictions predicated on completed Hobbs Act robbery. But, while an argument can be made that this collateral attack is procedurally barred, the Court pretermits that discussion. As set forth *infra*, this claim is without plainly without merit.

### C. Merits

Robinson contends that neither *attempted* Hobbs Act robbery nor *completed* Hobbs Act robbery constitute crimes of violence under § 924(c), and thus, his convictions are unconstitutional. The Court addresses those convictions predicated on attempted

12

Hobbs Act robbery and those convictions predicated on completed Hobbs Act robbery separately.

Robinson was convicted of three counts of attempted Hobbs Act robbery. Those convictions served as the predicates for three § 924(c) counts. However, under *Taylor*, the attempted Hobbs Act robberies set forth in Counts 14, 16, and 20 cannot serve as the predicate crime of violence for Robinson's § 924(c) convictions in Counts 15, 17, and 21. *See Taylor*, 596 U.S. at 851. Vacatur of those three § 924(c) convictions, which each carried a consecutive twenty-five-year sentence, is thus required. Therefore, Robinson's § 2255 motion is granted as to the three § 924(c) convictions predicated on attempted Hobbs Act robbery (Counts 15, 17, and 21).

*Taylor* is inapposite for Robinson's convictions predicated on completed Hobbs Act robbery. *Taylor*'s holding was limited to attempted Hobbs Act robbery, *see Taylor*, 596 U.S. at 851, and the Fifth Circuit has found that a completed Hobbs Act robbery is a crime of violence. *See Hill*, 63 F.4th at 363; *United States v. Buck*, 847 F.3d 267, 275 (5th Cir. 2017) ("It was not error—plain or otherwise—for the district court to classify a Hobbs Act robbery as a crime of violence."); *United States v. Bowens*, 907 F.3d 347, 353–54 (5th Cir. 2018) ("[B]inding circuit precedent [*Buck*] forecloses Bowens's claim that Hobbs Act robbery is not a [crime of violence] predicate under 18 U.S.C. § 924(c)(3)(A). . . . We have reiterated *Buck* in at least five cases.").

In sum, a completed Hobbs Act robbery satisfies the elements clause of § 924(c) and continues to qualify as a crime of violence, and Robinson's § 924(c) convictions predicated on completed Hobbs Act robbery (Counts 3, 5, 7, 9, 11, 13, 19, 23, 25, and

27) remain constitutional. Therefore, Robinson is not entitled to relief on any of his § 924(c) convictions predicated on completed Hobbs Act robbery, and his § 2255 motion is denied to the extent he seeks such relief.

## Conclusion

For the reasons assigned herein, the Court finds Robinson is entitled to relief under *Taylor* for the three § 924(c) convictions predicated on attempted Hobbs Act robbery. Because attempted Hobbs Act robbery is no longer deemed a crime of violence, this crime cannot serve as the operative predicate offense for the related § 924(c) conviction. Robinson's § 2255 motion [Record Document 208] is **GRANTED** as to those counts predicated on attempted Hobbs Act robbery, and his convictions on Counts 15, 17, and 21 are **VACATED**. Because each of these counts received a sentence of twenty-five years, consecutive to any other count, the Court finds Robinson's sentence should be reduced by a total of seventy-five years. An amended judgment will issue herewith.

Because the sentences on these three counts were not interrelated or interdependent upon the sentence imposed for any other count, but rather were wholly independent, a resentencing is not necessary. Aside from vacating Robinson's convictions on Counts 15, 17, and 21, the remainder of his § 2255 motion is **DENIED** and **DISMISSED WITH PREJUDICE**. And, except as specifically held herein, the remainder of Robinson's conviction and sentence are undisturbed.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District

Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability as to the undisturbed counts of Robinson's sentence is **DENIED** because Robinson has failed to demonstrate a substantial showing of the denial of a constitutional right.

      **THUS DONE AND SIGNED** this 14th day of March, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE